# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### No. 861
### VARGO v. STATE

Ohio Appeals, 7th District, Mahoning County
Decided Oct. 12, 1923

**2. ABORTION.**

Necessary proof under GC. 12412—172. EVIDENCE. Former indictment is not admissible in evidence to prove guilt of accused—45. ATTORNEY. Counsel for State guilty of misconduct where he refers to scenes at death bed of deceased for purpose of prejudicing the jury.

FARR, J.

#### Epitomized Opinion

This was a criminal action of malpractice against Mary Vargo, charging her with the crime of abortion upon the person of Mary Gresky on or about the 16th day of September, 1922, from which it was charged that she died on Sept. 20, 1922. The facts disclose that the deceased visited Mary Vargo in September, 1922, at which time, by the use of some instrument an abortion was produced upon the deceased, and later blood poisoning set in, which resulted in the latter's death. The trial resulted in a verdict of guilty, whereupon the defendant prosecuted error. The chief errors complained of were, first, that the State failed to prove that the abortion was unnecessary; second, that the prosecuting attorney was guilty of misconduct in the development of certain testimony at the trial; third, misconduct in argument. During the trial the State produced in evidence an indictment charging the accused with having committed abortion also. During the final argument, counsel for the State made reference to certain matters which occurred with reference to the dying woman and the accused at the death bed, upon which no evidence had been produced during the trial. In reversing the judgment of the lower court, the Court of Appeals held:

1. Under the authority of Shunn v. State, Ohio Appeals, 9th District, decided Oct. 5, 1923, no such proof is necessary to sustain a conviction under GC. 12412.

2. As a former indictment would have nothing to do with the guilt or innocence of the defendant, its display before the jury was incompetent and improper.

3. As the occurrences which took place at the death bed were not produced in evidence, prejudicial error was committed by the State's counsel referring to them in argument, as such matter would tend to prejudice the mind of the jury.

Attorneys—W. R. Stewart, Youngstown, for Vargo; H. H. Hull and R. L. Thomas, for State.

### No. 862

### HOILES v. FIDELITY & DEPOSIT CO. and COHN

Ohio Appeals, 9th District, Lorain County
No. 266. Decided Nov. 2, 1923

**54A. BANKRUPTCY.**

Surety in uncontested attachment suit failing to set up bankruptcy of debtor cannot set up bankruptcy as defense to action on bond.

WASHBURN, J.

#### Epitomized Opinion

Hoiles brought an attachment suit against Cohn and seized the latter's property. Fidelity and Deposit Co. furnished a bond for Cohn and the property was released to him by the sheriff. Cohn having failed to file an answer, judgment was rendered against him. Between the time of the filing of the bond for Cohn and the rendering of the Judgment, a petition in bankruptcy was filed against Cohn in Marylend. He was adjudicated a bankrupt. Hoiles was listed as a creditor and though he failed to participate in the composition, he received a dividend which he applied on the claim. This action is to hold the Surety Co. for the balance of the judgment, interest and costs. In reversing the judgment and finding that the Surety Co. must pay the Court of Appeals held:

1. The Bankruptcy Act does not prevent an enterprising creditor from getting security for his claim, not out of the property of the debtor, but by the obligation of a third party as surety for his debt. Though the bankruptcy of the debtor discharges the debt, the bankruptcy must be plead and proved in the action against the debtor, and where the debtor or his surety fail to set up the bankruptcy and a default judgment is rendered, the surety is bound thereby and cannot set up bankruptcy as a defense in an action on the bond.

Attorneys—W. P. Duffy, for Hoiles; F. M. Steve, for Fidelity and Deposit Co.